UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIA BANKS, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 04 C 6999 |
| v. | ) ) Judge John W. Darrah |
| CAPITAL CREDIT ALLIANCE, INC.; CONSUMER CREDIT SERVICES, INC.; ERIC A. PETERSON; and WILLIAM S. KELLY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lillia Banks, filed a class action suit against Defendants, alleging a violation of the Credit Repair Organizations Act ("CROA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Presently pending before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

A reading of Banks' Amended Class Action Complaint supports the following summary of the alleged conduct of the parties.

William Kelly is an officer and the principal owner of Capital Credit Alliance, Inc. ("CCA"). Kelly formulated, controlled, directed, assisted, facilitated, and participated in the alleged acts complained of in the Amended Complaint. Peterson is an officer and principal owner of Consumer Credit Services, Inc. ("CCS"). CCS is an affiliate and sister company of CCA. Peterson formulated, controlled, directed, assisted, facilitated, and participated in the alleged acts complained of in the Amended Complaint.

On or about October 31, 2001, Banks received a letter from Defendants. CCA attached a First National Card that appeared to be a credit card. The letter stated: "URGENT – APPROVED

CONGRATULATIONS, YOUR CARD HAS ARRIVED CALL IMMEDIATELY TO ACTIVATE YOUR CARD." The letter offered three credit features, a Membercard, a Merchant Card, and Cash on Demand. The letter stated that, "You have been approved for a maximum $6,500 unsecured credit line from MerchantCard Division of CCS."

In response to the letter, Banks telephoned the number listed in the letter. A telephone representative asked Banks for her approval number. After providing the approval number, the representative told Banks that she was approved for a $8,500 line of credit. The representative asked Banks for her bank account information, which Banks provided. Subsequently, Defendants charged Banks an advance fee of $200, in addition to other charges, using the bank account information that she had provided.

CCA then sent a Member Package to Banks. The Member Package included a Welcome Brochure. The front of the Welcome Brochure contained a message from the President/CEO, Jack Lund Scholfield. The back of the Welcome Brochure contained the statement, "Membership Does Have its Benefits! Establishing Good Credit Is The First Step To Owning Your Own Home, Buying a New Car, And Securing The Financial Future You Deserve."

CCA represented that one of the benefits of membership is "Credit Establishment with CCA to build your Credit" and "At your request we can report your CCA account in good standing as a positive credit reference to any creditor of your choice." CCS's privacy policy states that "CCS will report your credit history for all purchases every month and all catalog payments you make on time may help you establish or re-establish your credit."

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7 th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

Defendants argue that Plaintiff's CROA claim fails to adequately plead that Defendants are a credit repair organization as defined by the CROA. The CROA defines a "credit repair organization," in pertinent part, as:

> any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of –

3

> (i) improving any consumer's credit record credit history, or credit rating; or
>
> (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i) . . . .

15 U.S.C. § 1679a(3)(A).

Plaintiff has sufficiently pled that Defendants are a credit repair organization as defined by statute. Plaintiff specifically pleads that information received from Defendants indicates that membership helps establish good credit, will help build credit, and can be shared with others to demonstrate good credit. Plaintiff also specifically pleads that the implied purpose of the mailings is to improve a consumer's credit record.

Defendants also argue that the letter received by Plaintiff contradicts her pleadings and demonstrates that Defendants are not a credit repair organization. In support of their argument, Defendants cite to a sample letter and the affidavit of Kelly that Defendants attached to their response brief. While the court generally will not go outside of the complaint on a motion to dismiss, Fed. R. Civ. P. 10(c) provides that any document adopted by reference in the pleadings may be considered as part of the pleadings. Furthermore, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).[1]

---

[1] A court may consider such documents without converting a motion to dismiss into a motion for summary judgment. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

4

Plaintiff's Amended Complaint references a letter received by Plaintiff; however, the letter included in Defendants' response brief does not indicate that it was the letter received by Plaintiff, and the affidavit is not reviewable because it contains facts outside of the Amended Complaint. Accordingly, these materials cannot be used to demonstrate that Defendants are not a credit repair organization.

Defendants also argue that Defendants are not a credit repair organization because they have not received additional consideration for providing Plaintiff with credit repair services. However, Plaintiff alleges that funds were withdrawn from her account by Defendants. The fact question of whether these funds constituted additional consideration cannot be used as grounds for dismissal at this stage of the litigation.

Lastly, as to Plaintiff's CROA claim, Defendants argue that Plaintiff has failed to allege, with the specificity required by Rule 9, any "fraud or deception" in connection with the offer or sale of the services of the credit repair organization.

Section 1679b(a)(4) prohibits the engagement, "directly or indirectly, of any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization." 15 U.S.C. 1679b(a)(4). Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be pled with particularity to describe the circumstances constituting fraud. As articulated by the Seventh Circuit, "this means the who, what, when, where, and how . . ." must be evident in the complaint. *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). However, knowledge and intent of a party may be alleged generally. Fed. R. Civ. P. 9 (b).

As demonstrated by the summary of the alleged facts set forth above, Plaintiff's Amended Complaint has sufficiently pled the who, what, when, where, and how of the Defendants' alleged deceptive conduct.

Defendants seek to dismiss Plaintiff's ICFA claim, again arguing that Plaintiff failed to meet the heightened pleading requirements of Rule 9(b) required in such claims. As stated above, Plaintiff's Amended Complaint has sufficiently pled the who, what, when, where, and how of the Defendants' alleged deceptive conduct.

Defendants also argue that Plaintiff has failed to plead the required elements of a ICFA claim if such claim is alleging an unfair practice as opposed to fraud. However, Plaintiff need not plead the elements of her claim. *See Swierkiewicz*, 534 U.S. at 511.

Lastly, Defendants argue that the individual Defendants should be dismissed because Plaintiff has failed to allege any basis for piercing the corporate veil. Plaintiff has pled that both individual Defendants formulated, controlled, directed, assisted, facilitated, and participated in the alleged acts complained of in the Amended Complaint. These allegations, and the inferences reasonably drawn therefrom in the light most favorable to the Plaintiff, sufficiently plead a basis for the individual Defendants' liability.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: June 28, 2005

JOHN W. DARRAH
United States District Judge

6