IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIA BANKS, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) | |
| CAPITAL CREDIT ALLIANCE, INC., | ) | NO. 04 C 6999 |
| CONSUMER CREDIT SERVICES, INC., | ) | |
| ERIC A. PETERSEN, and | ) | Judge Darrah |
| WILLIAM S. KELLY, | ) ) | |
|     Defendants. | ) | |

### ORDER AND FINAL JUDGMENT

This Action came on for a fairness hearing on a proposed settlement (the "Settlement"). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement and Release between Plaintiffs and Defendants, dated December 2, 2005 (the "Settlement Agreement").

1. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

2. Pursuant to Rules 23(e)(1)(A) and (C) of the Federal Rules of Civil Procedure, the Court hereby confirms that the Settlement embodied in the Settlement Agreement is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this Action.

3. The Court hereby approves the Settlement Agreement and orders that it be implemented according to the terms and conditions stated therein.

4. Subject only to paragraph 7 below, for settlement purposes only, the Court hereby grants class certification to the class of persons and entities defined as "all persons and entities throughout the United States who: (i) during the period beginning on October 1, 2001 and ending on December 31, 2002, called and activated a membership and member card with Capital Credit Alliance, Inc. ("CCA") and/or Consumer Credit Services, Inc. ("CCS"); (ii) opted out of all benefits[1] related to the purchase of merchandise from CCA or CCS, or alternatively, were not charged by CCA or CCS for any such benefits; (iii) did not purchase any merchandise from the CCA and/or CCS catalogs using a member card or any other form of payment; and (iv) are not current members of either CCA or CCS.

5. Subject only to paragraph 7 below, for settlement purposes only, the Court finds that the Settlement Class is properly certified under Rules 23(a)(1)-(4), (b)(3), (c)(2)(B) and (g) of the Federal Rules of Civil Procedure, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a) The Settlement Class is so numerous that it is impractical to bring all class members before the court individually. Based on the internal business records of Defendants ("CCA") and ("CCS"), which Plaintiffs do not dispute, the Settlement Class is composed of over 30,000 individuals. The size of the Settlement Class makes joinder impracticable and satisfies FED. R. CIV. P. 23(a)(1).

---

[1] These benefits include some subset of the following, depending on when a particular Class Member joined CCA or CCS:
- "Credit Protection Shield" – defers payments for 90 days in the event of involuntary unemployment or disability;
- "Purchase Security Guard" – replaces, repairs, or reimburses for purchases made that are damaged or stolen within 30 days of purchase;
- "Extender and Protector" – defers payments for 90 days in the event of involuntary unemployment or disability;

  b)  The Settlement Class allegations present common questions of law and fact as required under FED. R. CIV. P. 23(a)(2). The common legal and factual questions include:

- Whether Defendants are engaged in credit repair services through their merchant card membership program.

- Whether Defendants charged unlawful "advance fees" for credit repair services.

- Whether Defendants engaged in unfair and deceptive conduct in selling memberships in their merchant card program to consumers.

- Whether Defendant's marketing practices and materials used in connection with their merchant card program caused consumers to suffer damages.

  c)  The Class Plaintiff's claims are sufficiently typical of the claims of the Settlement Class as required under FED. R. CIV. P. 23(a)(3). The Class Plaintiff's claims arise out of the same course of conduct and events, including offer letters and calls with Defendants regarding their merchant card programs, and resulted in the same alleged statutory and common law injuries to all Class Members.

  d)  The Settlement Class' interests have been fairly and adequately protected by the Class Plaintiff as required under FED. R. CIV. P. 23(a)(4). The Class Plaintiff has no conflicting interests with absent members of the Settlement Class, as her claims are nearly identical in fact and law to that of the absent Class Members. The Court is also satisfied that the Class Plaintiff is represented by qualified, reputable counsel who are experienced in preparing, prosecuting, and fairly settling large, complex class actions.

  e)  The Settlement Class also satisfies the requirements for certification under FED. R. CIV. P. 23(b)(3). The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Class Members. In particular, the

---

- "Preferred Member Card" – provides one year extended limited warranty on all products

critical issues involve Defendants' standardized conduct towards the Class Members in their marketing of memberships in CCA or CCS programs, the Class Members' payment of alleged "advance fees," and whether Defendants' standard marketing program violates federal statutes concerning credit repair services and/or otherwise constitutes unfair and deceptive conduct. The Court also finds that class action is the superior method of resolving this Action because it protects the rights of the Class Members, who are individual consumers that are likely unaware of their legal rights. Moreover, the damages for each individual Class Member would likely be limited to a $200 membership fee plus associated fees, which significantly diminishes the incentive for those individuals to bring their own actions.

    f)  The Settlement Class received, pursuant to FED. R. CIV. P. 23(c)(2)(B), "the best notice practicable" regarding the Settlement, the Settlement Agreement, Class Counsel's request for attorneys' fees and expenses and the Class Plaintiff's incentive award. Notice has been served to the Class Members in accordance with this Court's prior Order preliminarily approving the notice and manner of distribution. Such notice included individual letters to each Class Member identified through Defendants' internal business records, and provided valid, due, and sufficient notice of these proceedings, and included information regarding the procedures for participation, opting-out, and the making objections with respect to this Settlement. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and due process.

    g)  The Settlement Class has been fairly and adequately represented by Class Counsel in accordance with FED. R. CIV. P. 23(g). Class Counsel performed substantial work on behalf of the Settlement Class to identify and investigate potential claims prior to filing this

---

  and provides special discounts from time to time.

Action. They further investigated such claims, refined the allegations, and added additional defendants through an Amended Complaint. The Court has upheld the asserted claims in the face of a motion to dismiss filed by Defendants. Class Counsel have also vigorously investigated the asserted claims through their research of publicly-available information and interviews with fact witnesses, and their review and analysis of over 1000 pages of Defendants' documents obtained through discovery. Class Counsel have experience handling complex class actions and claims of the type asserted in this Action, and have devoted substantial resources to this Action. The Court finds, therefore, that Class Counsel have competently represented the interests of the Settlement Class.

  h)  The Defendants have not taken any position with regard to whether a class should or would be certified if that question were fully litigated before the Court. In approving the Settlement, neither the Court nor the Plaintiffs have relied on any position taken or arguments made by the Defendants with respect to class certification.

  i)  Neither the Defendants nor the Plaintiffs have, for the purposes of any form of issue or claim preclusion or estoppel, "prevailed" upon any argument or position related to class certification asserted in the Court with respect to this Action and the Plaintiffs would not be prejudiced if (i) this Settlement were not approved or such approval were reversed on appeal and (ii) the Defendants subsequently objected to class certification in this Action.

  2.  Subject only to paragraph 7 below, the Court finds that, pursuant to FED. R. CIV. P. 23(e)(1)(A) and (C), the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a) This Action involves complex questions of facts and law that involve *inter alia* the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679b-e, the Illinois Consumer Fraud Act ("CFA"), 815 ILCS 505/2, and the Federal Trade Commission's Telemarketing Sales Rule ("TSR"). The case law involving the CROA is developing and provides no clear precedent to support Plaintiff's legal position in this action. Moreover, the CFA and TSR claims involve complex, fact-dependent, and uncertain determination that would require an extensive and lengthy trial. Class Counsel has vigorously and ably prosecuted this Action. While the Court takes no position as to the merits of this Action, the Court finds that the Settlement eliminates the expense, risk, and uncertainty that extended litigation would impose on all of the Parties.

b) The Settlement was reached after extensive pre-suit investigation by Class Counsel, and over one year of contested litigation proceedings, during which time the Parties engaged in extensive discovery, submitted extensive legal briefing to the Court, and the Court ruled on a motion to dismiss. Both Plaintiffs and Defendants were well positioned to evaluate the settlement value of this Action.

c) The Settlement in this Action was the result of vigorous and arms-length negotiations between the Parties generally, and more importantly, by experienced counsel on behalf of the Settlement Class.

d) Class Counsel are experienced in complex class actions involving claims of the type asserted in this Action, and in fairly settling such class actions. Class Counsel has assessed the likelihood of success on the merits and has had the benefit of reviewing extensive discovery from the Defendants in doing so. Class Counsel submits that both sides have labored

in good faith to achieve a fair, reasonable, and adequate Settlement, and are of the opinion that the Settlement fully satisfies these requirements.

    e)  The consideration being provided to the Settlement Class, as set forth in the Settlement Agreement, fairly and adequately compensates the Class Members in light of the limited nature of their alleged damages.

    f)  At all times, the Class Counsel have acted independently and in the interests of the Plaintiff and Settlement Class.

    g)  The Court has duly considered each objection the Settlement that was filed, and the Court denies each such objection.

  3.  Subject only to paragraph 7 below, the Action is hereby dismissed with prejudice. Each party shall bear his, her, or its own costs, except as expressly provided herein.

  4.  Subject only to paragraph 7 below, by operation of this Final Judgment, each member of the Settlement Class, and their respective agents, successors, heirs, or assigns, fully, finally, and forever irrevocably release all claims against Defendants whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the entry of this Final Judgment, arise out of or relate in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in this Action, or relate in any way to any and all asserted or potential claims under 15 U.S.C. §§ 1679b(b), 1679c, 1679d, and 1679e of the Credit Repair Organizations Act, and of Chapter 815 ILCS 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act.

  5.  Subject only to paragraph 7 below, by operation of this Final Judgment, the Defendants fully, finally and forever irrevocably release the Class Plaintiff, each member of the

Settlement Class and Class Counsel from all claims arising out of or related in any way to membership or the commencement, prosecution, assertion, or resolution of this Action.

6. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, or enforceability of this Final Judgment, or the Settlement Agreement, or the termination of the Settlement Agreement.

7. In the event that the Settlement Agreement is terminated in accordance with its terms, (i) this Final Judgment shall be rendered null and void and shall be vacated nunc pro tunc, (ii) the Action shall proceed as if no settlement had been reached, (iii) the Defendants shall be permitted to object to the certification of any proposed class in this Action, and (iv) the Defendants shall not be judicially or equitably precluded or estopped from arguing against the certification of any proposed class in this Action.

8. The Settlement and Settlement Agreement in this Action shall not be deemed, nor construed as, an admission, concession, or declaration by Defendants of any fault, wrongdoing, or liability.

9. This Final Judgment shall not be deemed, nor construed as, an admission, concession, or declaration by or against any Plaintiffs or Defendants of any fault, wrongdoing, or liability.

10. As set forth above, Class Counsel has vigorously prosecuted this Action on behalf of the Settlement Class and has devoted substantial time and resources in doing so. Class Counsel also brought this Action on a contingency basis and thereby bore the risk of nonpayment had the claim not prevailed at trial. Accordingly, the Court grants plaintiffs' motion for an award

of attorneys' fees and costs equal to $55,000.00, as reasonable compensation for legal services rendered in pursuing this Action.

11. The Court further grants plaintiff's motion for an incentive award to the Class Plaintiff, Ms. Banks, of $2,500.00 as reasonable compensation for her time and efforts invested on behalf of the Settlement Class.

**SO ORDERED** this 14th day of June, 2006.

_____
HONORABLE JOHN DARRAH
United States District Judge